IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

| | |
|---|---|
| Courtroom Deputy:  Deborah Hansen | Date:  June 18, 2014 |
| Court Reporter:    Gwen Daniel | Probation: Laura Ansart |

_____

Criminal Action No.  13-cr-00159-WJM          <u>Counsel:</u>

UNITED STATES OF AMERICA,                    Susan Knox

     Plaintiff,

v.

14.  SORL SHEAD, JR.,                        Joseph Saint-Veltri

     Defendant.

_____

## COURTROOM MINUTES
_____

HEARING - SENTENCING

11:15 a.m.     Court in Session

Appearances

Defendant is present and in custody.

Oath administered to the defendant.

Sentencing Statement by Ms. Knox

Sentencing Statement by Mr. Saint-Veltri

The Court addresses the Defendant's Objections to Presentence Investigation Report [608]

Discussion

1

**ORDERED:** The defendant's objection to his characterization as a "known gang member," is SUSTAINED.  The probation officer shall revise the Presentence Investigation Report to change the phrase "known gang member" to "former gang member."

**ORDERED:** There being no objection to the Government's Motion Regarding Acceptance of Responsibility [913], the Motion is GRANTED.

**ORDERED:** There being no objection to the Government's Motion to Dismiss Counts Six, Seven, Eleven, Fourteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-Two and Thirty-Two of the Indictment [914], the Motion is GRANTED.  Counts Six, Seven, Eleven, Fourteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-Two and Thirty-Two of the Indictment are dismissed as to Defendant Sorl Shead only.

**ORDERED:** The Defendant's Unopposed Motion For Variance [864] is GRANTED.

The Court takes up the Government's §5K1.1 And Title 18 U.S.C. §3553(e) Motion For Downward Departure Based On Substantial Assistance [915]

Argument by Counsel

**ORDERED:** The Government's §5K1.1 And Title 18 U.S.C. §3553(e) Motion For Downward Departure Based On Substantial Assistance [915] is GRANTED.

Defendant's Allocution

Defendant plead guilty to Count 1 of the Indictment on November 7, 2013.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant, Sorl Shead, Jr., is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 70 months.

In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.

The Court recommends that the Bureau of Prisons place the defendant at a facility appropriate to his security designation located within the District of Colorado.

**The Court recommends that the Bureau of Prisons designate an institution for the defendant with a Residential Drug Abuse (RDAP) or comparable substance abuse Program, and that the defendant take advantage of such a program during his imprisonment.**

**ORDERED:** **Upon release from imprisonment defendant is placed on supervised release for a term of five years.**

**Within 72 hours of release from the custody of the Bureau of Prisons the defendant must report in person to the probation office in the district to which defendant is released.**

**While on supervised release the defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant shall comply with the standard conditions adopted by this Court.**

**The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**ORDERED:** **Special Conditions of Supervised Release:**

1. **The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.**

2. **The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.**

**Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the Forfeiture Allegation in the Indictment, the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense and as stipulated to in the Plea Agreement.**

**ORDERED:   The Special Assessment fee of $100.00 is imposed, due and payable immediately.**

**ORDERED:   Defendant has no ability to pay a fine, and the fine is waived.**

The Court takes up the Defendant's Motion for Release Pending Surrender to the Institution Designated by United States Bureau of Prisons [930]

Discussion/Argument

**ORDERED:   Defendant's Motion for Release Pending Surrender to the Institution Designated by United States Bureau of Prisons [930] is DENIED without prejudice.**

Defendant advised of his right to appeal his conviction, as well as the sentence imposed, except in very limited circumstances.

**ORDERED:   Defendant is REMANDED to the custody of the U.S. Marshal.**

11:55 a.m.   Court in Recess
             Hearing concluded
             Time: 40 minutes